```
ERSKINE & TULLEY
A PROFESSIONAL CORPORATION
MICHAEL J. CARROLL (ST. BAR #50246)
220 Montgomery Street, Suite 303
San Francisco, CA  94104
Telephone:  (415) 392-5431
Facsimile:  (415) 392-1978

Attorneys for Plaintiffs
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA FLOOR COVERING INDUSTRY WELFARE FUND; STEVE HAVENS, TRUSTEE,<br><br>　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>CONCRETE SURFACE MASTERS, a California corporation,<br><br>　　　　　　　　Defendant. | NO. 07 4133 EMC<br><br>COMPLAINT |

Plaintiffs complain of defendant and for a cause of action allege that:

1.   Jurisdiction of this Court is founded upon Section 301 (c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. §185(a)] and Section 502 of the Employee Retirement Income Security Act of 1974, said Act being hereinafter referred to as "ERISA" (29 U.S.C. §1132), in that defendant has violated a collective bargaining agreement and certain Trust Agreements, thereby violating the provisions of ERISA and the provisions of the National Labor Relations Act of 1947.  This action is also brought pursuant to the Federal

Declaratory Judgment Act (28 U.S.C. §2201 et seq.) in a case of actual controversy between plaintiffs and defendant, and for a Judgment that defendant pay fringe benefit contributions in accordance with its contractual obligations.

2. Plaintiffs, Boards of Trustees of the Northern California Floor Covering Industry Welfare Fund (hereinafter "Trust Fund"), named in the caption are trustees of employee benefit plans within the meaning of §§3(1) and (3) and §502(d)(1) of ERISA, 29 U.S.C. §1002(1) and (3) and §1132(d)(1), and a multiemployer plan within the meaning of §§3(37) and 515 of ERISA, 29 U.S.C. §§1002(37) and §1145. Plaintiff Steve Havens is a trustee. Said Trust Fund is authorized to maintain suit as independent legal entities under §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

3. Plaintiffs are informed and believe and thereupon allege that defendant, CONCRETE SURFACE MASTERS, resides and does business in San Jose, California. The collective bargaining agreement was entered into in San Jose, CA. Performance of the obligations set forth therein is in this judicial district.

4. Each and every defendant herein is the agent of each and every other defendant herein. Defendants and each of them are engaged in commerce or in an industry affecting commerce.

5. At all times pertinent hereto, defendant was bound by a written collective bargaining agreement with Carpet, Linoleum & Soft Tile Workers, Local 12, a labor organization in an industry affecting commerce. The aforesaid agreement provides that defendant shall make contributions to the TRUST FUND, on behalf of defendant's employees on a regular basis on all hours worked, and that defendant shall be bound to and abide by all the provisions of the respective Trust

1  Agreement and Declarations of Trust of said TRUST FUND (hereinafter
2  the "Trust Agreement").

3      6.  The Trust Fund relies upon a self reporting system.
4  Defendant has unique knowledge of the amounts of contributions that
5  they are liable to pay each month, and have a fiduciary obligation to
6  accurately report the amount to the Trust Fund.

7      7.  Defendant has breached both the provisions of the
8  collective bargaining agreement and the Trust Agreement above referred
9  to by failing to complete and send in monthly reports and/or to pay
10 all moneys due thereunder on behalf of defendant's employees to the
11 TRUST FUND.  Said breach constitutes a violation of ERISA (29 U.S.C.
12 1002, et seq.) and of the National Labor Relations Act of 1947.

13      8.  Defendant has failed and refused to pay in a timely
14 manner since April 2007.  Pursuant to the terms of the collective
15 bargaining agreement there is now due, owing and unpaid from defendant
16 to the TRUST FUND contributions for hours worked by covered employees
17 for the month of April 2007 and liquidated damages and interest which
18 are specifically provided for by said agreements.  The total amount
19 due is unknown; additional monthly amounts will become due during the
20 course of this litigation and in the interest of judicial economy,
21 recovery of said sums will be sought in this case.  Interest is due
22 and owing on all principal amounts due and unpaid at the legal rate
23 from the dates on which the principal amounts due accrued.  The total
24 amount due in this paragraph is unknown at this time, except to the
25 defendant.

26      9.  Demand has been made upon said defendant, but defendant
27 has failed and refused to pay the amounts due the TRUST FUND or any
28 part thereof; and there is still due, owing and unpaid from defendant

the amounts set forth in Paragraph 8 above.

10. An actual controversy exists between plaintiffs and defendant in that plaintiffs contend that plaintiffs are entitled to a timely monthly payment of trust fund contributions now and in the future pursuant to the collective bargaining agreement and the Trust Agreement, and defendant refuses to make such payments in a timely manner.

11. The Trust Fund does not at this time seek to audit the books and records of defendant. The only issue raised in this complaint is defendant's failure to complete and file voluntary monthly reports and pay the contributions due. The Trust Fund seeks to obtain a judgment for any outstanding delinquent contributions based on defendant's reports and to reserve the right to audit defendant for this or any other unaudited period.

12. The Trust Agreement provides that, in the event suit is instituted to enforce payments due thereunder, the defendant shall pay court costs and reasonable attorneys' fee. It has been necessary for plaintiffs to employ ERSKINE & TULLEY, A PROFESSIONAL CORPORATION, as attorneys to prosecute the within action, and reasonable attorneys' fee should be allowed by the Court on account of the employment by plaintiffs of said attorneys.

WHEREFORE, plaintiffs pray:

1. That the Court render a judgment on behalf of plaintiffs for all contributions due and owing to the date of judgment based upon unaudited reporting forms, plus liquidated damages provided for by the contract, interest at the legal rate, reasonable attorneys' fees incurred in prosecuting this action and costs.

2. That the Court enjoin the defendant from violating the

terms of the collective bargaining agreements and the Trust Agreement for the full period for which defendant is contractually bound to file reports and pay contributions to the TRUST FUND.

    3. That the Court reserve plaintiffs' contractual right to audit defendant for months prior to judgment, and in the event of such audit, collect any additional sums which may be due.

    4. That the Court retain jurisdiction of this cause pending compliance with its orders.

    5. For such other and further relief as the Court deems just and proper.

DATED: August 8, 2007        ERSKINE & TULLEY
                                        A PROFESSIONAL CORPORATION

                                    By: /s/Michael J. Carroll
                                          Michael J. Carroll
                                          Attorneys for Plaintiffs